**CHARLES WIRTH REALTY & INVEST-MENT CO., Inc., Plaintiff and Appellee, v. TROPICAL CLOTHING & MFG. CO., Inc., Defendant (BONDHOLDERS' PROTEC-TIVE COMMITTEE, Intervenors and Appellee).**

**No. 16065.**

Court of Appeal of Louisiana. Orleans.

June 10, 1935.

For former opinion, see 160 So. 455.

Buck, Walshe & Buck and Woollen H. Walshe, all of New Orleans, for appellant.

Lavinius L. Williams, of New Orleans, for appellee.

WESTERFIELD, Judge.

A reconsideration of this case convinces us of the correctness of our former decree.

For the reasons assigned, our original opinion and decree in this case are reinstated as the final judgment of this court.

Original decree reinstated.

JANVIER, J., concurs.

JANVIER, Judge (concurring).

I agree with my associates in their view that on April 5, 1934, the taxes in question were not due, and, consequently, I concur in the decree.

I believe, however, that the statement in the original opinion that, in all instances, taxes in the parish of Orleans become due on June 1st of each year is not correct, and I write this merely to call attention to my belief that such taxes are not due on June 1st unless, at that time, in compliance with section 31 of Act No. 170 of 1898, the assessment rolls have been filed with the recorder of mortgages. That statute provides in section 34:

"That said filing in the recorder's office shall be full notice to each tax-payer and to each other person whom it may in any manner concern, that the listing, assessment and valuation of the taxable property has been completed, that the tax rolls are on file in the sheriff or tax collector's office and in the office where the mortgage records are kept; that the said taxes are due and collectible, as provided by law."

Although in section 31 it is made the duty of the assessors to file the said rolls in the office of the recorder of mortgages on June 1st, section 34, it will be noted, provides, as I interpret it, that the taxes do not become due until the said rolls are filed. Therefore, if on June 1st the rolls have not been filed, the taxes are not due and do not become until the filing of the said rolls in the office of the recorder of mortgages.

However, in no case can taxes become due prior to June 1st, and therefore in the instant case the taxes were not due when the sale was made.

I concur in the decree.